ORDER

MICHAEL K. RANDOLPH,
Justice, for the Court.
This matter first came before the Court, sitting en banc, on a Formal Complaint filed by The Mississippi Bar (“Bar”) which alleged that “Richard F. ‘Dickie’ Scruggs [‘Scruggs’] tendered a plea of guilty in United States District Court for the Northern District of Mississippi to one count of conspiracy to corruptly influence a state circuit court judge in violation of Title 18 U.S.C. § 371.” Scruggs filed a Motion to Dismiss Formal Complaint, alleging that the Formal Complaint was fatally defective and should be dismissed for failure to strictly comply with the require *343 ments of Rule 6 of the Mississippi Rules of Discipline.
The Bar then filed a Response to Scruggs’ Motion to Dismiss Formal Complaint and a separate Motion for Indefinite Suspension, Striking from Rolls, Suspending and Staying Proceedings. The motion requested that this Court strike Scruggs’ name from the rolls of the Mississippi Bar, suspend Scruggs from the practice of law, stay the disciplinary proceedings until the criminal proceedings have been concluded, and finally, upon separate motion, Scruggs should be disbarred.
Scruggs filed a Response to the Bar’s Motion for Indefinite Suspension, Striking from Rolls, Suspending and Staying Proceedings relating that he did not oppose the relief requested by the Bar in its motion.
On July 2, 2008, final judgment was entered in United States of America v. Richard F. “Dickie” Scruggs, 2008 WL 2643074, Criminal Case No. 3:07CR00192-001 in the United States District Court for the Northern District of Mississippi, finding that on June 27, 2008, Scruggs was adjudicated guilty of Conspiracy to Commit Bribery of an Elected State Official by Means of Wire Fraud in violation of 18 U.S.C. § 371. On July 9, 2008, pursuant to Mississippi Rule of Discipline 6, the Bar then filed a Motion to Disbar or to Grant Other Relief. Scruggs filed a response to the Bar’s motion averring that he did not oppose the relief requested by the Bar. Therefore, this Court finds the Motion to Disbar by the Bar is well-taken and should be granted.
IT IS THEREFORE ORDERED AND ADJUDGED that:
1.Richard F. Scruggs’ Motion to Dismiss Formal Complaint is hereby dismissed as moot.
2. The Bar’s Motion for Indefinite Suspension and Suspending and Staying Proceedings is dismissed as moot.
3. The name of Richard F. Scruggs shall be stricken from the rolls of the Mississippi Bar.
4. Richard F. Scruggs is hereby permanently disbarred from the practice of law in the state of Mississippi.
6.This order shall constitute notice of permanent disbarment in this cause.
6. The Clerk of this Court shall forward an attested copy of this order to Richard F. Scruggs and the Executive Director of the Mississippi Bar.
7. Richard F. Scruggs shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to MRD 11.
8. Richard F. Scruggs shall, within forty-five days following entry of this order, file an affidavit with this Court stating that all of his clients have been notified of his disbarment and his consequent inability to practice law in Mississippi and that he has complied fully with all the requirements set forth in MRD 11.
9. The Clerk of this Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Lafayette County, Mississippi, and the senior judge of each court shall enter this order upon the minutes of his or her respective court.
10. The Clerk of this Court likewise shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk *344 of the Supreme Court of the United States.
11. The Bar shall recover from Richard F. Scruggs all of its costs and expenses of this disciplinary action.
SO ORDERED.